# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00164-MR

| | |
|---|---|
| MARLON BARTLETT, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU MILLER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.    BACKGROUND**

Pro se Plaintiff Marlon Bartlett ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. On August 22, 2022, Plaintiff filed the Complaint in this matter under 42 U.S.C. § 1983 based on events he alleges occurred at Mountain View Correctional Institution ("Mountain View"), also in Spruce Pine. [Doc. 1]. Plaintiff names the following Defendants: (1) FNU Miller, identified as a Sergeant at Mountain View; (2) William Wise, identified as a Lieutenant at Mountain View; and (3) Dexter Gibbs, identified

as an Assistant Warden at Mountain View. [Id. at 1-2]. Plaintiff alleges as follows.

On October 19, 2021, at approximately 10:30 p.m., Officer Hamilton approached Plaintiff and accused him of being inside another inmate's cell, presumably against prison rules. [Doc. 1-1 at 10]. Plaintiff tried to explain to Officer Hamilton that he had not been in the other inmate's cell because the other inmate was sitting in the doorway to the cell, blocking ingress. Officer Hamilton directed Plaintiff to proceed to the "core area," where Plaintiff talked to Defendant Miller, the Officer-in-Charge. Plaintiff tried to explain to Defendant Miller that there had been a mistake. Defendant Miller quickly "caught an attitude" and told Plaintiff "to shut [his] F-ing mouth." Plaintiff was immediately placed in handcuffs behind his back. Plaintiff turned his head to explain to Defendant Miller that he, Plaintiff, had done nothing wrong. Defendant Miller "then pulled his can of O.C. pepper spray [and] reach[ed] around the two officers that had [Plaintiff] pinned to the wall and sprayed [Plaintiff] excessively." [Id.].

Plaintiff was charged with two disciplinary offenses because of the incident. [Id. at 12-13]. Plaintiff includes with his Complaint a copy of the Disciplinary Report. Officer Hamilton reported that Plaintiff began to resist while Plaintiff was being placed in restraints. Defendant Miller reported that

2

Case 1:22-cv-00164-MR   Document 9   Filed 10/04/22   Page 2 of 9

Plaintiff began to move around, resisting and pulling away, when he was placed in restraints. Defendant Miller ordered Plaintiff to stop resisting and stop pulling away and Plaintiff ignored the order and continued to pull away. Defendant Miller gave Plaintiff a second order to stop resisting and Plaintiff again ignored the order and continued to pull away. At this time, Defendant Miller applied two bursts of OC pepper spray to Plaintiff's facial area and Plaintiff stopped resisting. [Id. at 12].

On January 11, 2022, nearly three months after the incident, Plaintiff filed a grievance, recounting in large part what he alleges in his Complaint here. [See Doc. 1-1 at 2-6]. Defendant Wise acknowledged receipt and acceptance of the grievance and provided the Step One response. [Id. at 1, 8]. In the Step One response, Defendant Wise provided a summary of the events in keeping with the Disciplinary Report and determined that no further action was required. [Id. at 8]. Defendant Gibbs provided the Step Two response. [Id. at 7]. In the Step Two response, Defendant Gibbs concluded that the Step One response was sufficient, noting that "[t]he officers involved in this incident acted within policy and procedure." [Id.].

Plaintiff claims that Defendant Miller violated his rights under the Eighth Amendment because Miller sprayed Plaintiff while in handcuffs, which Plaintiff claims is "clearly excessive use of force." [Doc. 1 at 3]. Plaintiff

claims that Defendants Wise and Gibbs violated his Eighth Amendment rights because they knew and did nothing about Defendant Miller's conduct. [Id.]. For injuries, Plaintiff states that his eyes burned for four to five days and that he now gets paranoid when prison officers "come around" him. [Id.]. For relief, Plaintiff seeks compensatory and punitive damages and purports to seek a declaratory judgment regarding "the acts of the officers/staff." [Id. at 5].

## II.  STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

To establish an Eighth Amendment excessive force claim, an inmate

must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Here, Plaintiff alleges that Defendant Miller pepper sprayed him "while in handcuffs, which is clearly excessive use of force." [Doc. 1 at 3]. Plaintiff, however, includes as part of his Complaint a Disciplinary Report regarding the disciplinary charges against Plaintiff from the incident. This Report shows that Plaintiff was pepper sprayed because he was resisting and disobeying orders. An inmate restrained with only handcuffs can still be a threat. Contrary to Plaintiff's claim, employing pepper spray on a restrained inmate is not per se excessive force and Plaintiff does allege that the Report is incorrect, but rather includes it as part of his Complaint. As such, Plaintiff has failed to allege any facts supporting the subjective component of an Eighth Amendment excessive force claim. That is, Plaintiff has failed to

allege facts showing that Defendant Miller employed pepper spray maliciously and sadistically for the purpose of causing harm. Moreover, the facts alleged support the conclusion that Miller used pepper spray on Plaintiff to restore discipline. Plaintiff, therefore, has failed to state a claim for relief under the Eight Amendment based on the use of excessive force. Defendant Miller will, therefore, be dismissed on initial review.

## B. Failure to Punish

Plaintiff alleges that Defendants Wise and Gibbs violated his Eighth Amendment rights by failing to punish Defendant Miller in response to Plaintiff's grievances. Plaintiff, however, has no constitutional right to have an officer allegedly responsible for his injuries internally punished or sanctioned by the officer's supervisors or by the officer's correctional facility. As such, even if Defendant Miller did violate Plaintiff's Eighth Amendment rights by using excessive force on Plaintiff, Defendants Wise and Gibbs are not liable under § 1983 for not punishing Defendant Miller after the fact.

As such, Plaintiff has failed to state a claim for relief against any Defendant and they will all be dismissed as Defendants on initial review in this matter.

## IV.  CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against any Defendant.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment.  Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

**IT IS SO ORDERED**.

Signed: October 3, 2022

Martin Reidinger
Chief United States District Judge