UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00164-MR

| MARLON BARTLETT, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU MILLER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 23], filed under 42 U.S.C. § 1983, after remand from the Court of Appeals for the Fourth Circuit to allow Plaintiff to amend his Complaint [Doc. 20]. See 28 U.S.C. §§ 1915(e)(2); 1915A.

**I.    BACKGROUND**

Pro se Plaintiff Marlon Bartlett ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. On August 22, 2022, Plaintiff filed a Complaint under 42 U.S.C. § 1983 based on events he alleges occurred at Mountain View Correctional Institution ("Mountain View"), also in Spruce Pine. [Doc. 1]. Plaintiff named as Defendants: (1) FNU Miller, identified as a Sergeant at Mountain View; (2) William Wise, identified as a Lieutenant at

Mountain View; and (3) Dexter Gibbs, identified as an Assistant Warden at Mountain View. [Id. at 1-2].

Plaintiff's Complaint failed initial review because Plaintiff failed to state a claim upon which relief could be granted against any Defendant. [Doc. 9]. The Court allowed Plaintiff 30 days from October 4, 2022 to file an amended complaint in accordance with the Court's initial review Order.[1] [Doc. 9]. The Court admonished Plaintiff that any amended Complaint would supersede the original Complaint and that "[p]iecemeal amendment [would] not be permitted." [Id. at 8]. On November 15, 2022, 26 days after the Clerk remailed the Order to Plaintiff, the Court dismissed this action without prejudice for Plaintiff's failure to timely amend his Complaint. [Doc. 11]. Plaintiff appealed the dismissal of his Complaint [Doc. 17], and the Fourth Circuit vacated the Court's Order dismissing Plaintiff's Complaint and remanded the case to allow Plaintiff to amend his Complaint [Doc. 20].

Now before the Court is Plaintiff's Amended Complaint.[2] [Doc. 23]. Plaintiff again names Miller, Wise, and Gibbs as Defendants in their

---

[1] The Clerk mailed the Court's Order to the wrong address, and, on October 20, 2022, it was resent to the Plaintiff at the correct address. [10/20/2022 Docket Entry].

[2] The Court notes that Plaintiff mailed his Amended Complaint to "309 U.S. Courthouse Bldg.[;] 100 Otis Street." [Doc. 23-1]. It was delivered to the local county courthouse and forwarded to this Court. [See Doc. 23-2]. Plaintiff is admonished that the address for this Court's Clerk Office is "100 Otis Street, Room 309."

2

Case 1:22-cv-00164-MR   Document 24   Filed 08/18/23   Page 2 of 7

individual capacities only. [Id. at 1-3]. Plaintiff alleges as follows.

On October 19, 2021, at approximately 10:30 p.m., Officer Hamilton approached Plaintiff and told Plaintiff he was getting an infraction for being in another offender's cell. Hamilton told Plaintiff "to go lock down" in his cell, but then changed his mind and told Plaintiff to go to the "core area." Defendant FNU Miller and three other officers were there waiting for the Plaintiff. Defendant Miller directed Plaintiff to go to the canteen hallway to be handcuffed. After Plaintiff told Officer Hamilton that he did not have anything sharp in his pockets, Defendant Miller told Plaintiff "to shut [his] f-ing mouth" and started to yell. The other officers had Plaintiff "pinned to the wall" and "began to ruff [sic] [him] up and push [him] into the wall." [Id. at 5]. Meanwhile, Defendant Miller was still yelling at Plaintiff to stop resisting. Plaintiff became "very scarde, turning [his] head in fear of what was going to happen to [him] because [he] was not resisting. Then [he] was sprayed an taking to RHU." [Id. (errors uncorrected)]. Plaintiff makes no allegations against Defendants Wise or Gibbs and fails to allege who "sprayed" him. [See id.].

Plaintiff claims that his Eighth Amendment right to be free from the excessive use of force was violated. [Doc. 23 at 3]. Plaintiff also purports to

state a claim for "failure to punish."[3] [Id.]. Plaintiff alleges that he has suffered various physical injuries. [Id. at 6]. For relief, Plaintiff seeks $26,000.00. [Id.].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[3] In dismissing Plaintiff's purported failure to punish claim on initial review of his original Complaint, the Court advised Plaintiff that he "has no constitutional right to have an officer allegedly responsible for his injuries internally punished." [Doc. 9 at 7]. As such, the Court declines to further address this claim.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

To establish an Eighth Amendment excessive force claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted

5

with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Here, Plaintiff alleges that unidentified officers roughed him up and pushed him into a wall, even though he was not resisting. He also alleges that an unidentified officer "sprayed" him. Plaintiff makes no allegations against Defendants Wise or Gibbs. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim for relief. Plaintiff does not identify which Defendants or other individuals roughed him or pushed him against a wall. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Even if he had identified these individuals, his allegations in this regard are insufficient to state an Eighth Amendment excessive force claim in any event. Plaintiff also fails to identify which Defendant "sprayed" him. While the Court may infer that

Plaintiff was sprayed with pepper spray, and not some other substance, the Court cannot recognize a claim where Plaintiff fails to allege who was responsible for the conduct. As such, Plaintiff has again failed to state a claim for relief against any Defendant. Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 23] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge